## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

|  |  |
|---|---|
| POMONA VALLEY HOSPITAL MEDICAL CENTER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )      Case No. 18-cv-2763 (ABJ) |
| ALEX M. AZAR II, Secretary of Health and Human Services, | ) ) ) |
| Defendant. | ) ) ) |

---

## ANSWER

Defendant, Alex M. Azar II, in his official capacity as Secretary of the U.S. Department of Health and Human Services (the "Secretary" or "Defendant"), by and through his undersigned counsel, hereby answers Plaintiff's Complaint as follows. The Secretary respectfully notes that, pursuant to 5 U.S.C. § 706, the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings.

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The Court lacks subject matter jurisdiction over Plaintiff's 28 U.S.C. §§ 1331 and 1361 claims and allegations. *See* 42 U.S.C. §§ 405(h); 1395ii.

### Third Defense

Answering specifically each paragraph of the Complaint, and using the same numbering used in the Complaint, Defendant answers as follows:

The introductory paragraph contains Plaintiff's characterization of this action, not allegations of fact, and thus no response is required.

1.      The first sentence of this paragraph contains Plaintiff's characterization of this action and conclusions of law, not allegations of fact, and thus no response is required.  The second sentence contains Plaintiff's characterization of this action and a Provider Reimbursement Review Board ("PRRB") decision issued September 21, 2018 and reissued October 1, 2018 (the "October 1, 2018 PRRB decision"), not allegations of fact, and thus no response is required.  Defendant respectfully refers the Court to the cited PRRB decision for a complete and accurate statement of its contents.  *See* Certified Administrative Record ("A.R.") at 3-26.  The third and fourth sentences contain Plaintiff's characterization of proceedings before the PRRB, to which no response is required.  To the extent a response is deemed required, they are denied.

2.      Denied.

3.      This paragraph contains Plaintiff's characterization of this action and request for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

4.      This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, Defendant denies that the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1361.

5.      This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.

6.      Defendant admits only that at all relevant times, Plaintiff was a Medicare-participating general acute-care hospital located in Pomona, California that furnished inpatient

and outpatient hospital services under Medicare Provider No. 05-0231 to patients entitled to benefits under the Medicare program.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

7.      The first three sentences are denied, except to admit that Alex M. Azar II is the Secretary of Health and Human Services and, in that capacity, is principally responsible for the administration of the Medicare program, and has delegated considerable authority for program administration to the Administrator of the Centers for Medicare & Medicaid Services ("CMS"), and that CMS was formerly known as the Health Care Financing Administration ("HCFA") prior to June 14, 2001.  The fourth sentence contains Plaintiff's characterization of its complaint, to which no response is required.

8.      As to the first sentence, Defendant admits only that Plaintiff's three appeals for Fiscal Years ("FYs") 2006, 2007, and 2008 were consolidated before the PRRB.  The remainder of the first sentence contains conclusions of law and Plaintiff's characterization of this action, not allegations of fact, and thus no response is required.  Defendant admits the second sentence. The third sentence contains Plaintiff's characterization of post-hearing briefs before the PRRB and the October 1, 2018 PRRB decision, not allegations of fact, and thus no response is required. Defendant respectfully refers the Court to the documents cited for a complete and accurate statement of their contents.  *See* A.R. at 3-114.   The fourth sentence contains a conclusion of law and Plaintiff's characterization of a CMS notice dated November 21, 2018, not allegations of fact, and thus no response is required.  Defendant respectfully refers the Court to the November 21, 2018 notice for a complete and accurate statement of its contents.  *See* A.R. at 1.  The fifth sentence contains a conclusion of law, not allegations of fact, and thus no response is required.

9.      This paragraph contains Plaintiff's characterization of the Medicare statute and a Federal Register document, not allegations of fact, and thus no response is required.  Defendant respectfully refers the Court to the cited authorities for a complete and accurate statement of their contents.

10.     This paragraph contains conclusions of law and Plaintiff's characterization of the Medicare statute, Medicare regulations, and unspecified CMS rulings, manuals, authorities, and documents, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, it is denied.  Defendant respectfully refers the Court to the cited authorities for a complete and accurate statement of their contents.

11.     Defendant admits only that Plaintiff has a written provider agreement with the Secretary to provide hospital services to Medicare beneficiaries.  The remainder of this paragraph contains conclusions of law and Plaintiff's characterization of this action and the Social Security Act and Medicare statute, not allegations of fact, and thus no response is required.  Defendant respectfully refers the Court to the cited statutory provisions for a complete and accurate statement of their contents.

12.     Defendant admits only that the process of making Medicare payments to providers is carried out by Medicare administrative contractors ("MACs"), and that each Medicare-participating hospital is assigned to a MAC.  *See* 42 U.S.C. §§ 1395h, 1395kk-1; 42 C.F.R. §§ 413.20(b), (c).  The remainder of this paragraph contains conclusions of law and Plaintiff's characterization of the Medicare statute, not allegations of fact, and thus no response is required.

4

13.     This paragraph contains Plaintiff's characterization of the Medicare statute, not allegations of fact, and thus no response is required. Defendant respectfully refers the Court to the cited statutory provision for a complete and accurate statement of its contents.

14.     This paragraph contains Plaintiff's characterization of the Medicare statute and its legislative history, not allegations of fact, and thus no response is required. Defendant respectfully refers the Court to the cited statutory provision for a complete and accurate statement of its contents.

15.     Defendant admits only that Plaintiff's MAC made the disproportionate share hospital ("DSH") payment determinations at issue by calculating disproportionate patient percentages. The remainder of this paragraph contains conclusions of law and Plaintiff's characterization of the Medicare statute, not allegations of fact, and thus no response is required. Defendant respectfully refers the Court to the cited statutory provisions for a complete and accurate statement of their contents.

16.     This paragraph contains Plaintiff's characterization of the Medicare statute, not allegations of fact, and thus no response is required.

17.     This paragraph contains Plaintiff's characterization of this action and its complaint, the Medicare statute and other provisions of the Social Security Act, and other unspecified sources, not allegations of fact, and thus no response is required. Defendant respectfully refers the Court to the cited statutory provision for a complete and accurate statement of its contents.

18.     This paragraph contains conclusions of law and Plaintiff's characterization of the Medicare statute and regulations, not allegations of fact, and thus no response is required.

Defendant respectfully refers the Court to the cited authorities for a complete and accurate statement of their contents.

19.     As to the first sentence, Defendant admits only that for purposes of determining the numerator of a hospital's "Medicare/SSI fraction," he has implemented a revised data matching process which involves, among other features, matching data from the Medicare Provider Analysis and Review ("MedPAR") file, a database containing Medicare inpatient-records, with a data file created for CMS by the Social Security Administration ("SSA").  This revised data matching process is more fully described in the 2011 Inpatient Prospective Payment System ("IPPS") Final Rule, to which the Defendant respectfully refers the Court.  *See* 75 Fed. Reg. 50,042, 50,275-85 (Aug. 16, 2010).  As to the second sentence, Defendant admits only that CMS generally does not share the underlying SSA data that it uses in the revised matching process and refused Plaintiff's request related to such data in connection with the Medicare/SSI fractions at issue.  Defendant denies any remaining allegations in the first and second sentence.

20.     Defendant admits only that Plaintiff's MAC made the DSH payment determinations at issue using the Medicare/SSI fractions that CMS furnished to the MAC.  The remainder of this paragraph contains conclusions of law and plaintiff's characterization of a provision of the Medicare Claims Processing Manual, not allegations of fact, and thus no response is required.  Defendant respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

21.     This paragraph contains conclusions of law and Plaintiff's characterization a decision by the United States District Court for the District of Columbia, not allegations of fact, and thus no response is required.  Defendant respectfully refers the Court to the cited decision for a complete and accurate statement of its contents.

22-23.  These paragraphs contain conclusions of law and Plaintiff's characterization of a CMS Ruling and a Federal Register document, not allegations of fact, and thus no response is required.  Defendant respectfully refers the Court to the cited Ruling[1] and Federal Register document, *see* 75 Fed. Reg. 50,275-85, for a complete and accurate statement of their contents.

24.    This paragraph contains conclusions of law and Plaintiff's characterization of a Federal Register document, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, it is denied.  Defendant respectfully refers the Court to the cited Federal Register document for a complete and accurate statement of its contents.

25.    Denied.

26-29.  These paragraphs contain conclusions of law and Plaintiff's characterization of the Medicare statute and regulations, not allegations of fact, and thus no response is required. Defendant respectfully refers the Court to the cited authorities for a complete and accurate statement of their contents.

30.    This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, it is denied.

31-32.  These paragraphs contain conclusions of law and Plaintiff's characterization of the Medicare statute and the Administrative Procedure Act ("APA"), not allegations of fact, and thus no response is required.  Defendant respectfully refers the Court to the cited authorities for a complete and accurate statement of their contents.

33.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence.  As to the second and third sentences, Defendant

---

[1] *See* CMS Rulings Database, CMS, available at: https://www.cms.gov/Regulations-and-Guidance/Guidance/Rulings/CMS-Rulings.html.

admits only that Plaintiff's MAC adjusted Plaintiff's Medicare/SSI fractions for the years at issue to the amounts determined and published by CMS according to its revised matching process, 14.74% for FY 2006, 14.73% for FY 2007, and 14.40% for FY 2008.

34.     As to the first sentence, Defendant admits only that Plaintiff was unable to access the underlying SSA data that CMS used in its revised matching process to calculate the Medicare/SSI fractions at issue, either from the SSA or CMS; Defendant avers that Plaintiff did obtain, through data use agreements, the data from the MedPAR file that CMS used in its revised matching process to determine Plaintiff's Medicare/SSI fractions for FYs 2006, 2007, and 2008. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences.  The fourth sentence is denied.  The fifth sentence contains Plaintiff's characterization of its complaint, not allegations of fact, and thus no response is required.

35.     As to the first two sentences of this paragraph, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  The third sentence of this paragraph contains Plaintiff's characterization of testimony at the August 17, 2017 PRRB hearing, to which no response is required.  Defendant respectfully refers the Court to the Transcript of Proceedings for the August 17, 2017 hearing ("Hearing Transcript") for a complete and accurate statement of its contents.  *See* A.R. at 339-476.

36.     Denied.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38.     As to the first sentence of this paragraph, Defendant admits only that Plaintiff, in its post-hearing brief before the PRRB, recognized that its estimates of total patients and days

associated with aid codes 10, 20, and 60 included individuals who received SSP payments but not SSI payments, and thus could not be counted in the numerator of the Medicare/SSI fraction. *See* A.R. 12, 69-70.  As to the second sentence, Defendant admits only that Plaintiff was unable to access the underlying SSA data that CMS used in its revised matching process to calculate the Medicare/SSI fractions at issue.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence.  The fourth and fifth sentences contains Plaintiff's characterization of testimony at the August 17, 2017 PRRB hearing, to which no response is required.  Defendant respectfully refers the Court to the Hearing Transcript for a complete and accurate statement of its contents.  *See* A.R. at 339-476.  To the extent a response is deemed required, they are denied.

39.     Defendant admits only that Plaintiff obtained, through data use agreements, the supporting data from the MedPAR file that CMS used in its revised matching process to determine Plaintiff's Medicare/SSI fractions for FYs 2006, 2007, and 2008.

40.     This paragraph contains Plaintiffs' characterization of its exhibits, analyses, and a chart before the PRRB, not allegations of fact, and thus no response is required.  Defendant respectfully refers the Court to the relevant documents in the administrative record for a complete and accurate statement of their contents.  *See* Plaintiff's Post-Hearing Brief at 7-8, (A.R. 49-50); Exhibit P-27, at 501, 518, 535 (A.R. 1370, 1387, 1404), Exhibits P-40 to P-42 (A.R. 118-123).

41.     The first sentence is Plaintiff's characterization of its complaint, exhibits, analyses, and a chart before the PRRB, to which no response is required.  Defendant respectfully refers the Court to the relevant documents in the administrative record for a complete and

accurate statement of their contents.  *See* Plaintiff's Post-Hearing Brief at 7-8, (A.R. 49-50);

Exhibit P-27, at 501, 518, 535 (A.R. 1370, 1387, 1404), Exhibits P-40 to P-42 (A.R. 118-123).

To the extent a response is required, the first sentence is denied.  The second sentence is

Plaintiff's characterization of its complaint, exhibits, analyses, and a chart before the PRRB, to

which no response is required.  Defendant respectfully refers the Court to the relevant documents

in the administrative record for a complete and accurate statement of their contents.  *See id.*  To

the extent a response is required, defendant admits only that if Plaintiff's estimates of CMS's

counts of SSI patients are reduced by 16.5% (Plaintiff's estimate of SSP-only patients, *see* A.R.

50), CMS's counts are lower than Plaintiff's counts by 20.65% for FY 2006, 24.26% for FY

2007, and 23.95% for FY 2008.  Defendant denies any remaining allegations in the second

sentence.  As to the third sentence, Defendant admits only that that the amounts in controversy

are about $770,837 for FY 2006, $1,291,520 for FY 2007, and $1,232,627 for FY 2008.

Defendant denies the remaining allegations in the third sentence.  The fourth sentence is denied.

42.     This paragraph contains conclusions of law, not allegations of fact, and thus no
response is required.  To the extent a response is deemed required, it is denied.

43-44.  These paragraphs, including footnote 1, contain conclusions of law and Plaintiff's
characterization of the October 1, 2018 PRRB decision, not allegations of fact, and thus no
response is required.  To the extent a response is deemed required, they are denied.  Defendant
respectfully refers the Court to the October 1, 2018 PRRB decision for a complete and accurate
statement of its contents.  *See* A.R. at 3-26.

45.     Denied.

46.     Denied.

47.     This paragraph contains Plaintiff's characterization of its PRRB appeal, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, it is denied.

48.     The first sentence contains Plaintiff's characterization of *Baystate Medical Center v. Leavitt*, not allegations of fact, and thus no response is required.  545 F. Supp. 2d 20 (D.D.C. 2008), *as amended by* 587 F. Supp. 2d 37 (D.D.C. 2008).  Defendant respectfully refers the Court to the *Baystate* decision for a complete and accurate statement of its contents.  As to the second sentence, Defendant admits only that he has revised the data matching process for purposes of determining the numerator of a hospital's Medicare/SSI fraction.  Defendant denies the remaining allegations in the second sentence; Defendant avers that details regarding the revised data matching process were set forth at 75 Fed. Reg. 50,275-85.  The third, fourth, and fifth sentences are denied.  The sixth sentence contains Plaintiff's characterization of the October 1, 2018 PRRB decision, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, it is denied.  Defendant respectfully refers the Court to the October 1, 2018 PRRB decision for a complete and accurate statement of its contents.  *See* A.R. at 3-26. The seventh sentence is denied.

49.     This paragraph contains Plaintiff's characterization of the October 1, 2018 PRRB decision, not allegations of fact, and thus no response is required.  Defendant respectfully refers the Court to the October 1, 2018 PRRB decision for a complete and accurate statement of its contents.  *See* A.R. at 3-26.

50.     This paragraph contains conclusions of law and Plaintiff's characterization of the October 1, 2018 PRRB decision and the *Baystate* decision, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, it is denied.  Defendant

11

respectfully refers the Court to the October 1, 2018 PRRB decision and the *Baystate* decision for a complete and accurate statement of their contents.  *See* A.R. at 3-26.

51.     The first sentence contains Plaintiff's characterization of statements made by the PRRB at the August 17, 2017 hearing, not allegations of fact, and thus no response is required. Defendant respectfully refers the Court to the Hearing Transcript for a complete and accurate statement of its contents.  *See* A.R. at 339-476.  The second and third sentences contain conclusions of law and Plaintiff's characterization of the Medicare statute and other provisions of the Social Security Act, not allegations of fact, and thus no response is required.

52.     This paragraph contains conclusions of law and Plaintiff's characterization of proceedings before the PRRB and the October 1, 2018 PRRB decision, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, it is denied. Defendant respectfully refers the Court to the October 1, 2018 PRRB decision, and to the cited decisions, for a complete and accurate statement of their contents.  *See* A.R. at 3-26.

53.     The first and second sentences contain Plaintiff's characterization of statements, testimony, and proceedings before the PRRB at the August 17, 2017 hearing, not allegations of fact, and thus no response is required.  Defendant respectfully refers the Court to the Hearing Transcript for a complete and accurate statement of its contents.  *See* A.R. at 339-476.  The third sentence contains a conclusion of law, not allegations of fact, and thus no response is required. To the extent a response is deemed required, it is denied.

54.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, it is denied.

55.     As to the first sentence, Defendant admits only that during the appeal process, Plaintiff sought information from the SSA and CMS regarding the Medicare/SSI fractions at

issue.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in the first sentence.  The second sentence is denied.  As to the third

sentence, Defendant admits only that the SSA has advised Plaintiff that it cannot disclose

personally identifiable data to providers.  *See* May 30, 2017 letter from Nancy A. Berryhill,

Acting SSA Commissioner, A.R. 1448-49.  Defendant denies the fourth sentence.  As to the fifth

sentence, Defendant admits only that Plaintiff has stated it would abide by the results of a CMS

review of its sample data and drop its challenge if a CMS review showed "an overwhelming

result of no matches."  *See* Plaintiff's Post-Hearing Brief at 17 (A.R. 59).

56.     As to the first sentence, Defendant admits only that plaintiff engaged Tzvi Hefter,

a former CMS employee, to contact CMS.  The second sentence contains Plaintiff's

characterization of its own witness's testimony at the August 17, 2017 PRRB hearing, *see*

Hearing Transcript at 238-39 (A.R. 398), to which Defendant respectfully refers the Court for a

complete and accurate statement of its contents.   Defendant otherwise lacks knowledge or

information sufficient to form a belief as to the details of the communications alleged in the

second sentence, except Defendant admits that CMS did not conduct the requested review or

provide Plaintiff additional data beyond the MedPAR file that CMS used in its revised matching

process to determine Plaintiff's Medicare/SSI fractions for FYs 2006, 2007, and 2008.   As to

the third sentence, Defendant admits only that Plaintiff sought assistance from Senator Dianne

Feinstein and Representative Norma J. Torres.  Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in the third sentence.  As to

the fourth and fifth sentences, Defendant admits only that Senator Feinstein's office contacted

the SSA and CMS.  Defendant denies the remaining allegations in the fourth and fifth sentences.

57.     The first sentence contains Plaintiff's characterization of the October 1, 2018 PRRB decision, not allegations of fact, and thus no response is required.  Defendant respectfully refers the Court to the October 1, 2018 PRRB decision for a complete and accurate statement of its contents.  *See* A.R. at 3-26.  The remainder of this paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, it is denied.

58.     Defendant repeats his responses to the allegations in paragraphs 1-57 of his Answer as if fully set out herein.

59-60.  These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, they are denied.

61.     Defendant repeats his responses to the allegations in paragraphs 1-60 of his Answer as if fully set out herein.

62.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.

63-64.  These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, they are denied.

65.     Defendant repeats his responses to the allegations in paragraphs 1-64 of his Answer as if fully set out herein.

66.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.

67-68.  These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, they are denied.

69.     Defendant repeats his responses to the allegations in paragraphs 1-68 of his Answer as if fully set out herein.

70.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, it is denied.

71.     Defendant repeats his responses to the allegations in paragraphs 1-70 of his Answer as if fully set out herein.

72.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, it is denied.

The remaining paragraphs of the Complaint contain Plaintiff's request for relief, to which no response is required.  To the extent a response is deemed required, the Secretary denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

The Secretary specifically denies any and all allegations in Plaintiff's Complaint not expressly admitted or qualified herein.

Dated: March 13, 2019                    Respectfully submitted,

                                         JOSEPH H. HUNT
                                         Assistant Attorney General

                                         MICHELLE R. BENNETT
                                         Assistant Branch Director
                                         Civil Division

                                         _/s/ Peter M. Bryce____ _____
                                         PETER M. BRYCE
                                         (IL Bar No. 6244216)
                                         Senior Counsel
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         1100 L Street, N.W., Rm 11220
                                         Washington, D.C. 20005

                                         15

Tel: (202) 616-8335
Fax: (202) 616-8470
E-mail: peter.bryce@usdoj.gov
<u>Attorney for Defendant</u>


OF COUNSEL:

ROBERT P. CHARROW
General Counsel

JANICE L. HOFFMAN
Associate General Counsel

SUSAN MAXSON LYONS
Deputy Associate General Counsel for Litigation

SCOTT SASJACK
Attorney

United States Department
of Health and Human Services